1
2
3
4
5
6                                    JS-6
7
8                 𝔘nited 𝔖tates 𝔇istrict 𝔆ourt
9                 𝔆entral 𝔇istrict of 𝔆alifornia
10

| | |
|---|---|
| 11   JAMES ROBERT STARCHER; TINA | Case No. 5:14-cv-02007-ODW(ASx) |
| 12   STARCHER; SHANE STARCHER, a | |
| 13   minor by and through his Guardian ad | **ORDER REMANDING CASE TO** |
| 14   Litem, JAMES STARCHER, | **RIVERSIDE COUNTY SUPERIOR** |
| 15                    Plaintiffs, | **COURT** |
| 16          v. | |
| 17   SWIFT TRANSPORTATION CO., INC.; | |
| 18   SWIFT TRANSPORTATION | |
| 19   SERVICES, LLC; SWIFT | |
| 20   TRANSPORTATION CO. OF | |
| 21   ARIZONA, LLC; KENNETH JEROME | |
| 22   CONYERS; LES LEROY KARCHER; | |
| 23   DOES 1–50, inclusive, | |
| 24                    Defendants. | |

25          Before the Court is a Notice of Removal filed on September 26, 2014 by Swift
26   Transportation Co., LLC; Swift Transportation Services, LLC; Swift Transportation
27   Co. of Arizona, and Kenneth Jerome Conyers (collectively "Defendants").
28   Defendants contend that this Court has jurisdiction over the action based on diversity

1  of citizenship.  *See* 28 U.S.C. §§ 1332, 1441.  Defendants further assert that removal
2  is timely here because Plaintiffs acted in bad faith to prevent Defendants from
3  removing this action within one year after the action commenced.  *See* 28 U.S.C.
4  § 1446(c)(1).  After considering Defendants' submission, the Court determines that it
5  lacks subject matter jurisdiction over this action.

## I.   BACKGROUND

7  On July 9, 2013, James Robert Starcher; Tina Starcher; and Shane Starcher, by
8  and through his guardian ad litem, James Starcher, (collectively "Plaintiffs")
9  commenced this action in Riverside County Superior Court against Defendants and
10  Les Leroy Karcher ("Karcher").  (Not. of Removal 3:1; Compl. ¶¶ 6–10.)  Defendants
11  and Karcher subsequently filed cross-complaints. (Not. of Removal 3:7–14.)   On
12  August 27, 2014, Plaintiffs and Karcher voluntarily dismissed their claims against
13  each other, while Defendants voluntarily dismissed their cross-complaint against
14  Karcher on August 30, 2014.  (*Id.* 3:4–14)  Defendants then removed this action based
15  on diversity jurisdiction.

## II.   LEGAL STANDARD

17  Federal courts are courts of limited jurisdiction, having subject matter
18  jurisdiction only over matters authorized by the Constitution and Congress.  U.S.
19  Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.
20  375, 377 (1994).  A suit filed in state court may be removed to federal court if the
21  federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).
22  But courts strictly construe the removal statute against removal jurisdiction, and
23  "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal
24  in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The
25  party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v.*
26  *Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d
27  at 566).
28  / / /

1    Federal courts have original jurisdiction over actions that raise a federal
2    question, 28 U.S.C. § 1331, or where there is diversity of citizenship among the
3    parties. 28 U.S.C. § 1332. Thus, a defendant may remove a case from a state court to
4    a federal court based on federal question or diversity jurisdiction. To exercise
5    diversity jurisdiction, a federal court must find complete diversity of citizenship
6    among the adverse parties, and the amount in controversy must exceed $75,000,
7    usually exclusive of interest and costs. 28 U.S.C. § 1332(a). In addition, "[a] case
8    may not be removed . . . on the basis of [diversity] jurisdiction . . . more than 1 year
9    after commencement of the action, unless the district court finds that the plaintiff has
10   acted in bad faith in order to prevent a defendant from removing the action." 28
11   U.S.C. § 1446(c)(1).

12              **III.   DISCUSSION**

13   The Notice of Removal focuses primarily on establishing that this action was
14   timely removed even though Defendants did not remove this action within one year of
15   its commencement. According to Defendants, Plaintiffs named Karcher as a
16   defendant solely to defeat diversity jurisdiction and prevent removal. (Not. of
17   Removal 3:22–4:9.) Defendants contend that the bad faith exception to the one-year
18   removal rule therefore applies and removal is timely. (*Id.* at 4:9–11 (citing 28 U.S.C.
19   § 1446(c)(1)).)

20   The Court, however, declines to address the issue of timeliness as it is
21   unnecessary to the determination as to whether this action was properly removed.
22   Even if this action was timely removed, Defendants have not met their burden to show
23   that federal subject matter jurisdiction exists here. The Notice of Removal fails to
24   provide sufficient facts showing the Court has diversity jurisdiction over this action.

25   In the Notice of Removal, Defendants argue that Plaintiffs are citizens of
26   California because they "are individuals who reside in the State of California, within
27   the meaning of 28 U.S.C. § 1332(a)." (Not. of Removal 4:22–23; *see also* Compl.
28   ¶¶ 2–5 (stating that Plaintiffs are residents of California).) Residence and citizenship,

1    however, are distinct concepts, with significantly different jurisdictional ramifications:

2    "[i]n order to be a citizen of a State within the meaning of the diversity statute, a

3    natural person must both be a citizen of the United States and be domiciled within the

4    State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)).  "A

5    person's domicile is her permanent home, where she resides with the intention to

6    remain or to which she intends to return." *See Kanter v. Warner-Lambert Co.*, 265

7    F.3d 853, 857 (9th Cir. 2001).

8          Defendants, however, do not allege that Plaintiffs were domiciled in California.

9    Instead, Defendants rely solely on the fact that Plaintiffs reside in California.  As "[a]

10   person residing in a given state is not necessarily domiciled there, and thus is not

11   necessarily a citizen of the state," *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857

12   (9th Cir. 2001), Defendants have failed to establish that Plaintiffs are California

13   citizens.

14         Similarly, Defendants failed to establish the citizenships of Swift

15   Transportation Co., LLC; Swift Transportation Services, LLC; and Swift

16   Transportation Co. of Arizona, LLC.  Defendants contend that each of these

17   companies is "a citizen of a state other than California  . . . because it is a business

18   entity organized under the laws of the State of Delaware, with its principle place of

19   business located in Arizona."  (Not. of Removal 4:26–5:12.)  Unlike corporations,

20   however, the citizenship of a partnership or an unincorporated entity, such as a limited

21   liability company, is determined by the citizenship of its members.  *See Johnson v.*

22   *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a

23   partnership, an LLC is a citizen of every state of which its owners/members are

24   citizens."); *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1101

25   (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the

26   purpose of establishing citizenship under diversity jurisdiction.").

27         Defendants have also failed to show that the amount in controversy requirement

28   has been met.  *See* 28 U.S.C. § 1332(a).  In cases where the complaint does not

specify the amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory minimum]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th. Cir. 1996). To overcome the "strong presumption" against removal, a defendant must provide "underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Because the Complaint in this action does not specify the amount in controversy, Defendants bear the burden of showing that it exceeds $75,000. The Notice of Removal, however, is devoid of any facts regarding the amount in controversy. Instead, Defendants merely assert that "'it is more likely than not' that the amount in controversy in this negligence action exceeds the jurisdiction minimum limit of $75,000," and that "the damages requested by plaintiffs exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1441(a)." (Not. of Removal 5:21–26.) These speculative and conclusory statements do not show that it is more likely than not that the amount in controversy exceeds $75,000. *See Rich v. Best Buy Stores, L.P.*, No. 2:12-cv-06066-ODW(FFMx), 2012 WL 3867353, at *3 (C.D. Cal. Sept. 6, 2012); *Phily v. Chase Corp.*, No. 2:12-cv-01106-RGK(AJWx), 2012 U.S. Dist. LEXIS 27996, at *2–3 (C.D. Cal. Mar. 1, 2012). Accordingly, Defendants have not established that the amount in controversy requirement has been satisfied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   CONCLUSION

For the reasons discussed above, the Court determines that Defendants have not met their burden to establish this Court's diversity jurisdiction.  The Court therefore **REMANDS** this case to Riverside County Superior Court, case number MCC1300972.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**


October 2, 2014


_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**


cc: order, docket, remand letter to
Riverside County Superior Court, No. MCC1300972